On- Application for Rehearing.
Watkins, J.
Counsel for appellant insist that in dismissing defendant’s appeal our opinion runs counter to the Constitution and law — relying_on Henry vs. Tricou, 36 An. 520, and supported by an elaborate and extended argument.
We will premise these remarks by stating that the dicta announced in Henry vs. Tricou has been called to our attention for the first time in this application. It certainly is in conflict with our ruling in this ease; but we feel bound to overrule that decision. It is couched in dogmatic terms, unsupported by thoughtful reasons and. has not been followed by confirmatory precedent.
With the utmost desire to preserve'uniformity in the rulings of this court, especially upon points of practice, a hasty departure from sound and logical principles ought not to compel us, in the language of Chief Justice Black “ to stumble again, every time we come to the place where we stumbled before.”
We note the statement on the application to the effect that our opinion is slightly in error in saying “that the appeal taken to the Circuit Court had been lodged (our italics) in that court before the appeal was returned into this court,” etc., counsel’s insistence being that the record shows that orders of appeal were simultaneously granted, and appeal bonds to this court and the Circuit Court simultaneously filed — thus vesting jurisdiction in each of. said courts simultaneously.
On this hypothesis counsel say:
*987 “ Then it necessarily follows that the appeal was lodged in 'the Supreme Court at the same time and in the same manner that it was lodged in the Circuit Court,” etc.
While the filing of the appeal bond certainly divests the jurisdiction of the court of first instance, and, presumably at least, vests the appellate court with jurisdiction, yet the appellate court is fully vested with the power of determining when an appeal is properly brought before it. No other court or tribunal is competent to do so. And in order to determine that question in this case, we think we must examine and be controlled by the order.of appeal. Looking into the order of appeal, we find that the Circuit Court appeal was made returnable on the first Monday in June, 1893, while the appeal taken to this court was made returnable to this court on the second Monday in June, 1893, just a week later.
If the appellants pursued the tenor of this order of appeal, and filed a transcript in each one of the appellate courts on the respective return days, it is evident that, as our opinion states, “ the appeal taken to the Circuit Court had been lodged in that court before the appeal was returned into this court.”
The clerk’s endorsement on the transcript shows same to have been filed on June 13, 1893, which was the second day of the present term, or eight days subsequent to the return day of the appeal in the Circuit Court. Appellee’s motion to dismiss appeal was filed in this court on June 14, and the case was argued and submitted on that day.
To this motion is appended the certificate of the clerk to the effect that the appeal had been prosecuted to the Circuit Court and that the case had been argued and submitted in said court and was at the time under advisement by the judges thereof. It is manifest that the statement of our opinion was strictly correct.
In our opinion appellee’s motion does not involve a question of jurisdiction, but the question of the appellant’s right to bring up an appeal to this court during the pendency of another appeal in the Circuit Court. If this court should proceed with the case and decide it, we might be confronted with a different judgment rendered by the Circuit Court. True it is that the Circuit Court might, through courtesy, suspend its judgment so as to conform to our own.' But there» is no assurance of that course being pursued, nor could this court expect the Circuit Court so to do.
*988 But this is an argument ab inconvenienti. The proposition of appellant’s counsel involves the philosophical impossibility of two bodies occupying the same space at the same time.
There can not be such a thing as a suit being in two courts at one and the same time.
This the appellant has attempted to do, and we simply decline to take cognizance of the appeal he has lodged in this court, since his appeal in the same case was lodged in the Circuit Court.
We have gone very far — possibly too 'far — in permitting such radi<cally inconsistent pleading as the taking of two self-contradictory ■orders of appeal from the same judgment, to two different courts, at -the same time. No express provision of law sanctions such a practice, and we have given it our approval only to relieve parties from ■the responsibility of deciding, in advance, doubtful questions of jurisdiction ; and to relieve them from the unfortunate consequences resulting in case the order of appeal first returned and presented for Action should be annulled for want of jurisdiction.
In that case the second order of appeal would remain in force and might be prosecuted without encountering any conflict of jurisdiction. But to claim that a- party who has lodged and is actually prosecuting ■an appeal in the Circuit Court can afterward, and’while that appeal is still pending, return into this court another appeal, identical in •every respect, is to demand what we characterize as a “ legal impossibility ” — and we cannot demonstrate this more completely than was done in our original opinion..
Rehearing refused.